*In re* OCKERSHAUSEN'S ESTATE.

*(Supreme Court, General Term, Second Department. July 2, 1891.)*

EXECUTORS—ACCOUNTING—PREMATURE ORDER.

One of the surviving partners of a firm was the executor of one of the deceased partners. In the settlement of his accounts as executor, he was required to file an account of his transactions as surviving partner, from which it appeared that there was a liability on him to the extent of $842 to one of the distributees of the estate, against which the executor claimed an offset on account of another transaction. *Held*, that an order directing payment of the $842 to the distributee was premature, there being no admission of a general balance, and there being an action at law pending to determine the amount of such balance.

Appeal from surrogate's court, Richmond county.

Proceedings for the judicial settlement of the estate of Adolphus F. Ockershausen, deceased. From a decree directing the payment of a balance ascertained against him, the executor, George P. Ockershausen, appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Charles P. Buckley,* for appellant. *William M. Mullen,* for respondent.

BARNARD, P. J. The appellant, George P. Ockershausen, is the executor of the last will and testament of Adolphus F. Ockershausen, deceased. By the terms of the will the estate of deceased was given to the testator's four children equally, except that the share of the respondent, Henry A. Ockershausen, was charged with an advancement of $10,000. The whole estate was subject to a life-estate, which has expired. The case shows that the executor was called to account, and that, in the accounting proceedings before a referee, the executor, who was one of the firm of Ockershausen Bros., was required to file an account of his discharge as surviving partner, and he did so, and in this account he stated that Henry A. Ockershausen, the respondent, would be entitled to one-fourth of the loss in certain real estate sold by the executor belonging to the firm, and this amount was stated at $842.10. In this account the executor claimed an equitable offset against this balance to the amount of $700 on a railroad stock transaction, the merits of which do not appear. The surrogate ordered the payment of the entire balance of $842.10 to Henry A. Ockershausen. The order was premature. There was no admitted general balance, and nothing but a general adjustment could determine the rights of the several parties. There is a proceeding pending for a general accounting of the executor, and an action at law also pending to determine the balance due from the executor as the surviving partner of the firm of Ockershausen Bros. The order should be reversed, with costs and disbursements, and the application denied, without prejudice to the rights of the parties as they will be shown by the final accounting. All concur.